LYONS v. F. LEWALD & CO.

(District Court, N. D. Illinois, E. D.   January 6, 1919.)

No. 1014.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—CUFF BUTTON.

The Barney patent, No. 885,135, for a separable cuff link button, is valid, and covers in a limited way a primary invention, which entitles it to a wider range of equivalents than for a mere improvement; also *held* infringed.

In Equity.   Suit by Charles D. Lyons against F. Lewald & Co. Decree for complainant.

Emery, Booth, Janney & Varney, of Chicago, Ill., Thomas B. Booth, of Boston, Mass., and Laurence A. Janney, of Chicago, Ill., for plaintiff.

Walter H. Chamberlin, of Chicago, Ill., for defendant.

SANBORN, District Judge.   Infringement suit as to patent No. 885,135, issued to F. P. Barney, April 21, 1908, for a separable cuff link button.

The cuff buttons covered by the patent have been on the market for some years and are mainly used with soft or unstarched cuffs, one part being put in each buttonhole, and snapped together by means of a link similar to the glove button fastener.   Patents prior to Barney, such as Buchanan reissue, No. 12,020, and Marks, No. 712,080, show similar buttons for attaching the cuff to the sleeve, but Barney was the first to produce a flexible cuff button, so he is in a limited way a primary inventor.   There is no question of the validity of his patent.

As to infringement, defendant claims it is making its buttons under the prior Marks patent.   Claim 1 only is in issue and reads:

"As an improved article of manufacture a separable cuff link button, the same comprising a pair of independent button members, each provided with a fixed shank terminating in a lateral flange or enlargement adapted to pass through a buttonhole of the cuff and retain said member therein, a swinging coupling member or link mounted in one of the button members and extending longitudinally beyond its flange, and having the free end of said link constructed to engage with the fellow button member for detachably securing them together."

Defendant has changed the Marks construction by lengthening the coupling member or link, so as to permit it to swing upon its free end when it is attached to the other button member.   It is literally, therefore, a swinging link, answering the claim in this respect.   The word "swinging" was introduced into the claim by amendment, to define a flexible structure, as distinguished from an absolutely rigid one, as shown in the Marks patent.

The two parts or members of defendant's buttons are locked together by a link integral with one part, and fitting into and swinging in a socket of the other, as if pivoted therein.   It is insisted that this construction does not meet that part of the claim which requires the link to be "mounted in" one of the members, because defendant's link is

simply stuck against the side of the member, and not in or into it. From the specifications and drawings, as well as plaintiff's commercial form, it appears that the words were used in the sense of loosely connected with or pivotally mounted in the member. But Barney was a primary inventor, in a relatively unimportant field it is true, but still entitled to a wider range of equivalents than a mere improver. The only possible distinguishing feature between the two constructions is that plaintiff's link swings on both ends, and defendant's only on one. Thus plaintiff's button is more flexible. The claim should be given a construction broad enough to cover a link attached to, but not literally mounted in, the member. The two types can hardly be distinguished from each other. If it were not for the fact that every part of the structure of both performs a useful part, so that the device is highly "functional," the sale of either one might be unfair competition as to the other.

There should be a decree sustaining the plaintiff's patent and finding claim 1 infringed, with costs.